IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:21-CT-3070-FL

| | |
|---|---|
| JOSHUA MCKAY JOYCE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES, RICHARD ) | |
| ENGEL, and FNU BOWERS ) | |
| ) | |
| Defendants.[1] ) | |

This matter is before the court on defendants' motion to dismiss (DE 21) pursuant to Federal Rule of Civil Procedure 12(b)(6), and plaintiff's motion for discovery (DE 27). Plaintiff responded in opposition to the motion to dismiss and in this posture the issues raised are ripe for ruling. For the reasons that follow, defendant's motion to dismiss is granted and plaintiff's motion for discovery is denied as moot.

## STATEMENT OF THE CASE

Plaintiff, a former federal inmate proceeding pro se, commenced this action by filing complaint on March 8, 2021, asserting claims for violations of his civil rights pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671–2680. Plaintiff alleges defendants Richard Engel ("Engel") and FNU Bowers ("Bowers"), correctional officials at the Federal Correctional Center in Butner, North Carolina ("FCC Butner"), were deliberately indifferent to his

---

[1] The court constructively amends the case caption to reflect dismissal of formerly named defendants Michael Carvajal, Thomas Scarantino, and Dr. Tamara S. Lynn on November 3, 2021.

risk of contracting COVID-19, in violation of the Eighth Amendment to the United States Constitution. In particular, plaintiff alleges defendants failed to secure a doorway separating a quarantine unit housing inmates infected with COVID-19 and a non-quarantine unit. Inmates from the quarantined unit walked through the doorway and interacted with inmates on plaintiff's housing unit, causing plaintiff to become infected with COVID-19. Plaintiff also raises a negligence claim pursuant to the FTCA based on the same facts.

Following an initial period of frivolity review, defendants filed the instant motion to dismiss under Rule 12(b)(6). Defendants offer numerous arguments in support of dismissal, including that plaintiff failed to exhaust administrative remedies, that he failed to allege sufficient facts to state a claim under the Eighth Amendment or North Carolina negligence law, that plaintiff did not allege physical injury as required to proceed under the Prison Litigation Reform Act, and that they are entitled to qualified immunity as to the constitutional claim. Plaintiff timely responded in opposition, arguing the court should not convert the instant motion to dismiss into a motion for summary judgment. Similarly, plaintiff filed the instant motion for discovery pursuant to Federal Rule of Civil Procedure 56(d), arguing that he has not been afforded sufficient time to conduct discovery before responding to a motion for summary judgment. Plaintiff, however, did not substantively respond to defendants' arguments for dismissal under Rule 12(b)(6) in either his response brief or the motion for discovery.

**STATEMENT OF FACTS**

The facts alleged in plaintiff's complaint may be summarized as follows. In May 2020, plaintiff was a federal inmate housed at FCC Butner Low, assigned to the "Granville B" housing

unit. (Pl's Decl. (DE 1-2) ¶¶ 1–3).[2] FCC Butner officials placed the neighboring housing unit known as "Granville A" into quarantine status due to the spread of COVID-19 in that unit. (Id. ¶ 3). On May 13, 2020, defendants left the door separating Granville A and Granville B unlocked. (Id. ¶¶ 4). At the time, Granville B was not in quarantine status because it did not have suspected or confirmed cases of COVID-19. (Id. ¶ 5). Defendants left the hallway door unsecured for a limited period of time, approximately 15 to 30 minutes. (Id. ¶ 4). During this period, several inmates from Granville A, the quarantined unit, walked through the corridor and engaged in conversations and other personal interactions with inmates in the Granville B unit. (Id. ¶ 5).

Plaintiff and other inmates notified defendant Engel that inmates from Granville A were intermingling with inmates housed in Granville B. (Id. ¶ 6). Defendants responded as follows: "[defendants] went to Granville B housing unit and made an announcement that all Granville A housing unit inmates report back to [their] assign[ed] housing unit immediately. Next, [defendants] conducted an emergency count to assure all inmates were in their proper assigned unit." (Id. ¶¶ 7–8).

Shortly after this incident, plaintiff tested positive for COVID-19. (Id. ¶ 9). Although the complaint is not a model of clarity on this point, plaintiff suggests he suffered from shortness of breath requiring treatment with a nebulizer. (Compl. (DE 1-1) ¶ 37(a)(2)). Plaintiff also alleges he experienced insomnia due to COVID-19 complications. (Id. ¶ 37(a)(3)).

---

[2] The factual background of plaintiff's claims is set forth in his personal declaration filed as an exhibit to the complaint. (DE 1-2).

3

**COURT'S DISCUSSION**

A. Standard of Review

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). To state a claim on which relief may be granted, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

B. Analysis

The court begins with plaintiff's argument that the court should not grant summary judgment without providing him an opportunity to conduct discovery. (See id.). Federal Rule of Civil Procedure 12(d) provides that the court should convert a motion to dismiss into a motion for judgment if matters outside the pleadings are considered. Here, defendants do not rely on matters outside the pleadings in support of their motion to dismiss, and the court therefore is not required to convert the instant motion into one summary judgment. (See Def's Mem. (DE 22));

Case 5:21-ct-03070-FL    Document 29    Filed 03/14/23    Page 4 of 9

Fed. R. Civ. P. 12(d). Plaintiff also relies on Federal Rule of Civil Procedure 56(d), which provides the court should not grant summary judgment without providing the opposing party an adequate opportunity to take discovery. See Goodman v. Diggs, 986 F.3d 493, 500 (4th Cir. 2021). Where defendants do not move for summary judgment and the court is not required to convert the motion to dismiss into a motion for summary judgment, plaintiff is not entitled to discovery prior to resolution of the instant motion. Plaintiff's arguments regarding Federal Rules of Civil Procedure 12(d) and 56(d) are therefore irrelevant to the substantive arguments in the motion to dismiss.

As noted above, plaintiff did not respond substantively to defendants' arguments for dismissal under Rule 12(b)(6), including defendants' contention that the complaint fails to allege sufficient facts to state a claim on which relief may be granted. (See Pl's Resp. (DE 26); Pl's Mot. for Discovery (DE 27)). As a result, plaintiff has waived his right to respond to the motion to dismiss and the court dismisses this action pursuant to defendants' uncontroverted arguments in favor of dismissal. See Pueschel v. United States, 369 F.3d 345, 354 (4th Cir. 2004) (explaining that when a party fails to respond to a motion to dismiss, the district court is entitled to dismiss the claim "on the uncontroverted bases asserted therein").

In the alternative, plaintiff's claims fail on the merits. The court begins with plaintiff's Eighth Amendment claim under Bivens. The Eighth Amendment's prohibition on cruel and unusual punishment requires prison officials to provide humane conditions of confinement. Makdessi v. Fields, 789 F.3d 126, 132 (4th Cir. 2015) (citing Farmer v. Brennan, 511 U.S. 825, 832 (1994)). To succeed on a conditions of confinement claim, plaintiff must "show both (1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on

5

Case 5:21-ct-03070-FL   Document 29   Filed 03/14/23   Page 5 of 9

the part of prison officials." Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993) (quotation omitted). As to the first objective prong, "a prisoner must allege 'a serious or significant physical or emotional injury resulting from the challenged conditions,' or demonstrate a substantial risk of such harm resulting from the prisoner's exposure to the challenged conditions." De'Lonta v. Angelone, 330 F.3d 630, 634 (4th Cir. 2003) (quoting Strickler, 989 F.2d at 1381).

The subjective prong of a conditions of confinement claim "is satisfied by a showing of deliberate indifference by prison officials" which requires that a prison official "actually know of and disregard an objectively serious condition, medical need, or risk of harm." Id. (citing Farmer, 511 U.S. at 837); Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995)). In addition, "prison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." Farmer, 511 U.S. at 844; Odom v. South Carolina Dep't of Corr., 349 F.3d 765, 770 (4th Cir. 2003).

Plaintiff has failed to allege deliberate indifference under the foregoing standard.[3] Assuming without deciding that defendants were aware the door was left unlocked, plaintiff does not allege defendants knew that inmates from Granville A would break the quarantine rules and walk over to Granville B, a non-quarantine unit. Indeed, given the risk of disciplinary action or other sanctions, defendants were entitled to assume the opposite: that the inmates would comply with institutional rules. See Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008) (deliberate indifference requires allegations establishing defendants "recognized that [their] actions were insufficient to mitigate the risk of harm to the inmate"). Plaintiff therefore has not alleged that

---

[3] The court will assume that plaintiff alleged sufficient facts to establish the objective prong.

defendants disregarded an objectively serious condition, medical need, or risk of harm. See De'Lonta, 330 F.3d at 634.

In addition, defendants responded reasonably to the risk once plaintiff informed them that inmates from Granville A had entered the Granville B unit. See Farmer, 511 U.S. at 844 (noting defendants who respond reasonably to the risk are not liable for deliberate indifference). As plaintiff alleges, defendants promptly responded by directing all Granville A inmates to report back to their housing unit "immediately" and they conducted an emergency count to assure that no further intermingling occurred. (Pl's Decl. (DE 1-2) ¶¶ 7–8). And plaintiff also acknowledges that he received testing and treatment for COVID-19 following the incident. (Id. ¶ 9; Compl. (DE 1-1) ¶ 37(a)(2)). Because the complaint's allegations establish defendants responded reasonably to the risk, plaintiff has failed to state an Eighth Amendment claim. See Farmer, 511 U.S. at 844.

The court next turns to plaintiff's negligence claim under the FTCA. The FTCA provides for a limited waiver of the United States' sovereign immunity for certain torts committed by federal employees. Kerns v. United States, 585 F.3d 187, 194 (4th Cir. 2009); see also FDIC v. Meyer, 510 U.S. 471, 475 (1994). The FTCA provides that the United States is liable for negligent acts of federal employees only to the extent that "a private person would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). Therefore, a plaintiff "has an FTCA cause of action against the government only if she would also have a cause of action under state law against a private person in like circumstances." Miller v. United States, 932 F.2d 301, 303 (4th Cir. 1991).

Plaintiff's alleged injury occurred in North Carolina, and thus North Carolina tort law governs plaintiff's claim. 28 U.S.C. § 1346(b)(1); Miller, 932 F.2d at 303. Under North Carolina law, a negligence claim requires proof of "(1) a legal duty; (2) a breach thereof; and (3) injury proximately caused by the breach." Bridges v. Parrish, 366 N.C. 539, 541 (2013); Camalier v. Jeffries, 340 N.C. 699, 706 (1995). As relevant here, "a prison official is liable [for negligence] when he knows of, or in the exercise of reasonable care should anticipate, danger to the prisoner, and with such knowledge or anticipation fails to take the proper precautions to safeguard his prisoners." State ex. rel. Williams v. Adams, 288 N.C. 501, 504 (1975); see also Taylor v. North Carolina Dep't of Correction, 88 N.C. App. 446, 448 (1988) ("[D]efendant [prison officials] had a duty of reasonable care to protect the plaintiff from reasonably foreseeable harm." ).

Plaintiff has not alleged that defendants breached the duty of reasonable care by leaving the door between two housing units unlocked. The Granville A inmates were placed in quarantine status and not allowed to travel to the Granville B housing unit. Defendants could not reasonably foresee that leaving the door unlocked for a brief period of time would result in inmates disregarding the quarantine rules and thereby risk disciplinary action by using the doors to travel to the Granville A unit. See Adams, 288 N.C. at 504; Taylor, 88 N.C. App. at 448. Accordingly, plaintiff has failed to plead sufficient facts to state a claim for negligence.

## CONCLUSION

Based on the foregoing, defendants' motion to dismiss (DE 21) is GRANTED, and plaintiff's motion for discovery (DE 27) is DENIED as moot. The clerk is DIRECTED to close this case.

SO ORDERED, this the 14th day of March, 2023.

_____
LOUISE W. FLANAGAN
United States District Judge